UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


STEVEN PAUL FLEMING,            :    **CIVIL NO. 3:12-CV-00824**
                                :
        Plaintiff               :    (Judge Caputo)
                                :
        v.                      :    (Magistrate Judge Smyser)
                                :
SCRANTON, PA,                   :
LACKAWANNA COUNTY,              :
MAYOR CHRISTOPHER A. DOHERTY,   :
CHIEF DANIEL DUFFY and          :
JUDGE JOHN MCCURRI,             :
                                :
        Defendants              :


## **REPORT AND RECOMMENDATION**


    This action is the same as a previous action filed by the plaintiff that was dismissed for failure to state a claim upon which relief can be granted.  We recommend that this action be dismissed because it is barred by res judicata

I. Background and Procedural History.

The plaintiff, Steven Paul Fleming, commenced this action by filing a complaint. He also filed an application to proceed *in forma pauperis*.

The defendants named in the complaint are: Scranton, Pennsylvania; Lackawanna County; Mayor Christopher A. Doherty; Chief Daniel Duffy; and Judge John McCurri.

The allegations in the complaint are not clear. The plaintiff makes allegations about a cocaine trafficking ring and about his career as an airline pilot being ruined by that ring. He also alleges that he was wrongfully incarcerated and that during his incarceration he suffered hypothermia.

This is not the first case in which he has made these allegations. The allegations in this case are materially the same as the allegations the plaintiff made in *Flemming v. Scranton,* 1:11-CV-0386 (M.D.Pa.). That case was dismissed for failure to state a claim upon which relief can be granted. 1:11-CV-0386 at Doc. 16. The plaintiff appealed that prior

dismissal, and the United States Court of Appeals for the Third Circuit affirmed the dismissal. 1:11-CV-0386 at Doc. 25.

Based on the undersigned's rulings in that prior case and another prior case filed by the plaintiff (*Fleming v. Lackawanna County*, 1:10-CV-1565 (M.D.Pa.)), the plaintiff alleges that I am biased against him. He attached to the complaint in the current case a document entitled "Corruption and Perversion of Judicial Misconduct." He indicates that he intends to file a claim of judicial misconduct against me. I have construed the document attached to the complaint in this case as a request that I recuse myself from this case, and by a separate order I have denied that request.

II. Discussion.

This case is barred by res judicata.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."

3

*Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata acts to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.*

"Although a defendant usually must raise preclusion as an affirmative defense, a court may *sua sponte* dismiss an action on this basis where the court is on notice that it previously decided the issue presented." *Atwell v. Metterau*, 255 Fed.Appx. 655, 657 (3d Cir. 2007). In order for res judicata to apply, there must be: (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action. *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 172 (3d Cir. 2009).

*Flemming v. Scranton,* 1:11-CV-0386 (M.D.Pa.), was dismissed because the amended complaint in that case failed to state a claim upon which relief can be granted. That dismissal was a judgment on the merits. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981)("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a "judgment on the merits."). And that judgment is final.

4

The parties in this case are the same as in that case, and the claims are the same. Thus, res judicata bars this action.

III. Recommendations.

Because this action is barred by res judicata, it is recommended that the complaint be dismissed and that the case file be closed.

                                                ***/s/ J. Andrew Smyser***
                                                J. Andrew Smyser
                                                Magistrate Judge

Dated: May 18, 2012.